UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

JAMES FRANK WALKER,                          No. 05-14391

                    Debtor(s).
_____/

JEFFRY G. LOCKE, Trustee,

                    Plaintiff(s),

       v.                                       A.P. No. 06-1115

SHARON GAYLE WALKER,

                    Defendant(s).
_____/

### Memorandum After Trial

       Debtor James Walker and defendant Sharon Walker are former spouses, divorced in 2003. They remained on amicable terms thereafter, and during 2004 and 2005 Sharon loaned James about $30,000.00 which James needed for expenses relating to his real property in Oregon. James promised Sharon that he would repay her in full when he sold the property.

       Sharon had loaned smaller sums of money to James in the past, which he had repaid. Because the loans related to the Oregon property were much larger than prior loans, Sharon asked for and received two promissory notes: one dated July 7, 2004, for $10,500.00, and one dated April 30, 2005, for $19,500.00. Both notes were due when James sold the Oregon property.

       The escrow on the sale of the property closed about July 16, 2005. On July 18, 2005, James sent

1

Sharon a check for $30,000.00. The check cleared on July 21, 2005. James filed a Chapter 7 petition on October 15, 2005. The Chapter 7 trustee, plaintiff Jeffry Locke, seeks to avoid the payment as a preference pursuant to § 547(b) of the Bankruptcy Code.

The court does not need to concern itself with whether Sharon should be considered an insider as the transfer was within 90 days of the bankruptcy.[1] She was a creditor, and the payment was on account of the antecedent debts evinced by the notes. It was made while James was insolvent.[2] It allowed Sharon to receive more than she would have received if the transfer had not been made and she had received her dividend pursuant to the Bankruptcy Code.[3] Thus, all elements of an avoidable preference have been proved.

Sharon argues that James' debt to her was made in the ordinary course of financial affairs between her and James and his payment was made in the ordinary course of their financial affairs, so that the transfer is immune from recovery pursuant to § 547(c)(2) of the Code. However, the evidence established that nothing about the debt or the payment was ordinary. The amount of the debt was far larger than prior loans, James had not given her a note before, and no prior repayments had been conditioned on the sale of real property.[4]

For the foregoing reasons, judgment shall be entered in favor of Locke in the amount of $30,000.00, plus interest at the legal rate from and after the date the complaint in this adversary proceeding was filed.

---

[1] The date of the transfer is the date when the check was honored by the James' bank. *Barnhill v. Johnson*, 503 U.S. 393, 395, 112 S.Ct. 1386, 118 L.Ed.2d 39 (1992); *In re Greene*, 223 F.3d 1064, 1067n.3 (9th Cir. 2000).

[2] Insolvency is presumed pursuant to § 547(f) of the Code.

[3] The evidence established that unsecured creditors will not be paid in full, which is all that need be shown to meet the requirement of § 547(b)(5). *In re Powerline Oil Co.*, 59 F.3d 969, 972 (9th Cir. 1995).

[4] Because there was nothing ordinary about the loans or the repayment, the court need not deal with the dubious proposition that personal loans such as those made by Sharon to James can be considered to be incurred in the ordinary course of financial affairs.

2

Locke shall also recover his costs of suit.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for Locke shall submit an appropriate form of judgment after the bifurcated fraudulent conveyance claim has been adjudicated.[5]

Dated: March 12, 2007

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[5]Counsel for Locke shall notice a scheduling conference on the fraudulent conveyance claim forthwith.